**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**AUGUST SESSION, 1998**

FILED

December 8, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 03C01-9709-CR-00375** |
| | ) | |
| Appellant, | ) | |
| | ) | **SULLIVAN COUNTY** |
| **V.** | ) | |
| | ) | |
| | ) | **HON. PHYLLIS H. MILLER, JUDGE** |
| **PAUL J. SEYMOUR,** | ) | |
| | ) | |
| Appellee. | ) | **(AGGRAVATED ASSAULT)** |

FOR THE APPELLANT:                      FOR THE APPELLEE:

**JULIE A. MARTIN**                                    **JOHN KNOX WALKUP**
Attorney at Law                                  Attorney General & Reporter
P.O. Box 426
Knoxville, TN  37901-0426            **GEORGIA BLYTHE FELNER**
(On Appeal)                                         Assistant Attorney General
                                                            2nd Floor, Cordell Hull Building
**STEPHEN M. WALLACE**                  425 Fifth Avenue North
District Public Defender                     Nashville, TN  37243

**LESLIE S. HALE**                              **H. GREELEY WELLS, JR.**
Assistant Public Defender                 District Attorney General
P.O. Box 839
Blountville, TN  37617-0829          **EDWARD EUGENE WILSON**
(At Trial)                                             Assistant District Attorney General
                                                            140 Blountville Bypass
                                                            P.O. Box 526
                                                            Blountville, TN  37617-0526

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Defendant, Paul Junior Seymour, appeals as of right from the revocation of his probation by the Sullivan County Criminal Court. He contends that the trial court erred in revoking his probation. We affirm the judgment of the trial court.

The facts reveal that on August 16, 1996, police officer Shannon Castle was dispatched to a trailer park after receiving a call that Defendant was trying to run over his wife with a motorcycle. When the officer arrived at the scene he stopped Defendant. Defendant then got off the motorcycle and approached the officer in a violent manner saying that the officer would have to use his gun if he was going to take Defendant to jail. Defendant also told the officer that his wife had stolen one hundred dollars of his money and that he was going to kill her. Defendant's wife told the officer that Defendant had threatened to kill her and their children. Defendant had told his family to leave the trailer, and then as Defendant's wife was walking down the road with her three children, Elizabeth (9), Paul (14) and Michael (4), Defendant tried to run over them with a motorcycle at least twice.

Additionally, during the evening of August 30, 1996, Defendant became very argumentative with his 14-year-old son and choked him several times. Later, Defendant pulled a knife on him and threatened to kill him.

On April 14, 1997, Defendant pled guilty in the Sullivan County Criminal Court to aggravated assault, felony reckless endangerment, simple assault, violation of registration laws, and driving without a motorcycle license. Defendant received an effective sentence of eight (8) years which was suspended and Defendant was

placed on supervised probation. He was ordered to continue and keep all counseling appointments, take his medications, perform 300 hours of community service, and stay in the state of Tennessee.

On April 16, 1997, and April 18, 1997, Probation Officer Bill Edwards filed probation violation warrants. The warrants alleged, and Defendant admitted, that the address he gave as his home address was false and that he had failed to notify the probation officer of his change of address. Defendant also admitted that he failed to call his probation officer, failed to continue his mental health treatment, and that he left the state without permission. Defendant's probation was revoked on August 1, 1997, and he was ordered the serve his sentence in the Tennessee Department of Correction.

In revoking Defendant's probation, the trial court noted:

> [T]hese were very violent offenses involving danger to your wife, your children and it was very critical. One of the most critical things was that you continue your mental health treatment.
>
> . . .
>
> [Y]ou did leave a voice mail message on April 16th indicating that you had moved, but you have not reported since then. You, in effect, absconded. You apparently, according to your own admission, that's exactly what you did. You knew about transferring probation, you knew that it had to be done, yet it was never done before you moved around. You completely abandoned the mental health treatment. The officers in these cases, one was opposed to probation because due to the violence of the offense, the other officer said you needed mental health treatment, stated the victims [Defendant's wife and children] were scared to death of you.

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. Tenn. Code Ann. §§ 40-35-310, 311. The decision to revoke probation rests within the sound discretion of the trial court. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Probation revocations are subject to an abuse of discretion, rather than a de novo standard of review. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). An abuse of discretion is shown if the record is devoid of substantial evidence to support the conclusion that a violation of probation has occurred. Id. The evidence at the revocation hearing need only show that the trial court exercised a conscientious and intelligent judgment in making its decision. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). Once it is determined that a defendant has violated his probation, the court has the discretion to order the defendant to begin serving his sentence as originally entered. Tenn. Code Ann. §§ 40-35-311(d) and 40-36-106(e)(3)(B) and (4); Sentencing Commission Comments to Tenn. Code Ann. § 40-35-310; State v. Duke, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995).

Defendant admitted at the hearing that he violated the terms of his probation, so that was substantial evidence to support the trial court's revocation order. See, e.g., State v. Yvonne Burnette, C.C.A. No. 03C01-9608-CR-00314, Knox County (Tenn. Crim. App., Knoxville, July 25, 1997) (mandate issued Apr. 22, 1998). The lower court was statutorily authorized to impose Defendant's original eight (8) year sentence upon revocation of probation. See Tenn. Code Ann. § 40-35-310. Contrary to Defendant's assertion, we are not required at this stage to reconsider the sentencing principles. See Burnette, C.C.A. No. 03C01-9608-CR-00314; State v. Stevie Q. Taylor, C.C.A. No. 02C01-9504-CC-00108, Madison County (Tenn. Crim.

App., Jackson, May 1, 1996) (no Rule 11 application filed). We cannot say that the trial court abused its discretion in ordering Defendant to serve the terms of his original sentence.

Accordingly, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
JOSEPH M. TIPTON, Judge


_____
JOE G. RILEY, Judge